FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 17 2018

JEFFREY P. COLWELL
CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _18 CV 00480_

(To be supplied by the court)

ERIC PATRICK BRANDT _____, PLAINTIFF

v.

CHARLES "CHUCK" SCHONBERGER                    ;
MAYOR, in official and individual capacity

RICK BAIN                                      ;
COUNCILOR / MAYOR PRO TEM,
in official and individual capacity

MARLENE BAKER                                  ;
COUNCILOR, in official and individual capacity

HEATH BECKER                                   ;
COUNCILOR, in official and individual capacity

KiMBERLY DYKES                                 ;
COUNCILOR, in official and individual capacity

VICKY QUINLIN                                  ;
COUNCILOR, in official and individual capacity

MONTY TORRES                                   ;
CITY ADMINISTRATOR, in official and individual capacity

ROBERT CHAPIN                                  ;
CITY ATTORNEY, in official and individual capacity

TRAVIS ANDERSON                                ;
CHIEF OF POLICE, in official and individual capacity

Case Number: 1:18-cv-00480



COREY HARDY
POLICE LIEUTENANT, in official and individual capacity                    ;

LEROY BROWN
OFFICER, in official and individual capacity                    ;

ROSS BLANK
OFFICER, in official and individual capacity                    ;

JACOB KRISE
OFFICER, in official and individual capacity                    ;

Dave Martin
UNDER SHERIFF, in official and individual capacity                    ;

JAMES E. CRONE
ELECTED SHERIFF, in official and individual capacity                    ;

MORGAN COUNTY SHERIFF'S OFFICE
A MUNICIPALITY                    ;

MORGAN COUNTY, COLORADO
A MUNICIPALITY                    ;

THE CITY OF BRUSH, COLORADO
A MUNICIPALITY                    , DEFENDANTS

JEANINE ANDERSON
COUNCILOR, Special Respondent                    SPECIAL RESPONDENT;

FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
2018 MAR 26 PM 2: 02
JEFFREY P. COLWELL
CLERK
BY_____ DEP. CLK

2

**COMPLAINT**

<table>
<tr><td colspan="1">

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

</td></tr>
</table>

## A.   PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Plaintiff      ERIC BRANDT      is a citizen of THE UNITED STATES

who presently resides at the following address:
1781 WEST 54TH PLACE, DENVER, COLORADO 80221 ADAMS COUNTY

## B.   DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant      CHUCK SCHONBERGER      is a citizen of THE UNITED STATES
who may reside at: 300 STANFORD ST BRUSH, CO 80723
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant      RICK BAIN      is a citizen of THE UNITED STATES
who may reside at: 353 HOWELL AVENUE
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

3

## B.    DEFENDANT(S) INFORMATION

Defendant     MARLENE BAKER                    is a citizen of THE UNITED STATES
who may reside at: 432 CAMBRIDGE
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant     HEATH BECKER                     is a citizen of THE UNITED STATES
who may reside at: 306 CURTIS
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant     KIMBERLY DYKES                   is a citizen of THE UNITED STATES
who may reside at:
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant     VICKY QUINLIN                    is a citizen of THE UNITED STATES
who may reside at: 1523 EATON
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant     MONTY TORRES                     is a citizen of THE UNITED STATES
who may reside at: 421 HOWELL AVE
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant     ROBERT CHAPIN                    is a citizen of THE UNITED STATES
who may reside at: 308 CLAYTON ST BRUSH, CO 80723
  or may reside at : 1328 50TH AVENUE CT GREELEY, CO 80634
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant     TRAVIS ANDERSON                  is a citizen of THE UNITED STATES
who may reside at: 415 CAMERON ST BRUSH, CO 80723
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant     COREY HARDY                      is a citizen of THE UNITED STATES
who may reside at: 819 WILSON AVE FORT MORGAN, CO 80701
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant     LEROY BROWN                      is a citizen of THE UNITED STATES
who may reside at: 209 E EDMUNDS ST BRUSH, CO 80723
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant     ROSS BLANK                       is a citizen of THE UNITED STATES
who may reside at: BRUSH, COLORADO
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

4

## B.    DEFENDANT(S) INFORMATION

Defendant _____ JACOB KRISE _____ is a citizen of THE UNITED STATES _____
who may reside at: 1213 1/2 EDISON ST APT C BRUSH, CO 80723
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant _____ JAMES E. CRONE _____ is a citizen of THE UNITED STATES _____
who may reside at:18987 COUNTY RD V, FORT MORGAN CO, 80701
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant _____ Dave Martin _____ is a citizen of THE UNITED STATES _____
who may reside at: 25512 County Rd. R   Brush, CO 80723
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant MORGAN COUNTY SHERIFF'S OFFICE _____ is a Municipality in THE UNITED STATES _____
Located at: BRUSH COLORADO
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant MORGAN COUNTY, COLORADO _____ is a Municipality in   THE UNITED STATES _____
Located at: MORGAN COUNTY, COLORADO
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Defendant THE CITY OF BRUSH, COLORADO _____ is a Municipality in   THE UNITED STATES _____
Located at: BRUSH COLORADO
IN THE STATE OF COLORADO, UNITED STATES OF AMERICA

Special Respondent  JEANINE ANDERSON _____
who may reside at: 118 S. CURTIS BRUSH, CO 80723

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

__YES__ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

Jurisdiction is asserted pursuant to following statutory authorities:

  28 U.S.C. §§ 1331, 1343 and 1391
  42 U.S.C. § 1988
  42 U.S.C. § 1983

__NO__ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of __N/A__.

If Defendant 1 is an individual, Defendant 1 is a citizen of __N/A__

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of __N/A__ (name of state or foreign nation).

Defendant 1 has its principal place of business in __N/A__ (name of state or foreign nation).

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

6

## D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

### PRELIMINARY STATEMENT

1.      Plaintiff stands now to claim he sustained constitutional injuries to his rights secured by the First, Fourth and Fourteenth amendments to the United States Constitution, alleging each were caused directly and/or indirectly and proximally by Defendants' actions and/or omissions relating to Defendants' actions on December 18, 2017 when Plaintiff was permitted to address the Brush City Council at the Open Public Microphone and his speech regarding a matter of great public concern- the silencing of political speech – and was cut short by the Defendants Schonberger and Bain who interrupted Plaintiff's speech and directed Defendant Officers Anderson, Hardy, Brown, Krise, Blank, and Crone to remove Plaintiff Brandt because they objected to the content of Plaintiff's message. Plaintiff was removed from the City Council chambers. As such, he was denied his rights under the First Amendment as he was silenced in retaliation for his protected speech and he was also denied the right to petition his government for redress of grievances. Plaintiff was denied his rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution when the Mayor ordered the Officers to remove Plaintiff in retaliation for his protected speech, despite the fact that Plaintiff had committed no crime giving rise

7

to probable cause to believe that he had violated any law. The entire episode was captured

on audiotape and on videotape and is published on YouTube.

2.    This is a civil rights action by Plaintiff for damages, declaratory and injunctive relief, as

well as fees and costs arising under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 2201 et

seq. due to Defendants' violations of Plaintiff's rights secured by the First Amendment,

the Fourth Amendment, Fifth Amendment and the Fourteenth Amendment to the United

States Constitution.

## INTRODUCTION

> *"Once a government is committed to the principle
> of silencing the voice of opposition, it has only one
> way to go, and that is down the path of increasingly
> repressive measures, until it becomes a source of
> terror to all its citizens and creates a country where
> everyone lives in fear."*                              *- Harry Truman*

3.    On 2017DEC18, Plaintiff traveled from Adams County to nearby Brush Colorado in

Morgan County, to attend a Special City Council Meeting of the Brush City Council,

where he intended to speak publicly on a matter of great pubic concern: "Silencing of

Political Speech, in Violation of the First Amendment to the United States Constitution."

4.    Specifically, having learned online that the Brush Mayor: Defendant Chuck Schonberger,

and five Brush City Council Members: Defendants Rick Bain, Marlene Baker, Heath

Becker, Kimberly Dykes, Vicky Quinlin, intended to censure one other Brush Council

Member, Special Respondent Jeanine Anderson, because they objected to Ms. Anderson

having included the initials "FTP" within a post thread on her personal Facebook page

8

around early November, 2017, Plaintiff intended to speak out against the anticipated censure actions.

5.   Although this post was on Ms. Anderson's personal, not City Councilor, Facebook page, and although the author asserts the communication was a general communication relating to a social and political about a matter of great public concern :"Police Brutality / Misconduct in America", Defendants interpreted this post as a direct defamatory attack specifically targeting the law enforcement community in and around Brush Colorado.

6.   It was anticipated this night that Defendant Mayor and Defendant Councilors were to vote, finding Ms. Anderson had violated the Council's "Code of Conduct". Following such vote, they were to censure her and remove her from all committees to which she had been assigned.

7.   Prior to the Council's scheduled items of business, the agenda provided for public comments. This is a period where people are free to speak for up to three minutes on any topic of their choice regarding the governing of City of Brush. Numerous citizens delivered their messages, without any interruptions to their speeches, prior to Plaintiff coming forward to deliver his message. Each of these people spoke out against Ms. Anderson and in favor of the censure and in support of a recall election to oust Ms. Anderson.

8.   Plaintiff took his turn at the public lectern, where he delivered a speech critical of the censure. Plaintiff stated the City of Brush was embarrassing the whole state, because, like

9

each of them, Ms. Anderson had campaigned telling people she would listen to their

concerns and be their voice on the Council.

9.   Defendant Schonberger interrupted Plaintiff, cutting of his message concerning Free

Speech of the people, after Plaintiff admonished: "You can't silence that woman's speech.

I don't know what the fuck is wrong with you people; but "FUCK THE POLICE" is

absolutely protected speech."

10.   Defendant Law Enforcement Officers immediately began closing in on Plaintiff

11.   Defendant Schonberger informed Plaintiff : "If you don't behave, I'll cut you off."

12.   Plaintiff asked: "Are you silencing my speech, Mayor?"

13.   Defendant Schonberger replied: "Not yet."

14.   Defendant Bain injected: "You need to address this Council with respect."

15.   Plaintiff responded: "I don't need to fucking address you with nothing."

16.   Defendant Bain asserted: "Yes."

17.   Plaintiff added: "YOU work for me; you work for these people; and if you don't like the

word 'FUCK', then that's too bad – you shouldn't have taken the job."

18.   Defendant Schonberger stated: "I think we're done here."

19.   Defendant Schonberger directed officers to remove Plaintiff.

10

20.     Defendant officers placed their hands on Plaintiff.

21.     Plaintiff asked: "Am I being removed from the podium?"

22.     Defendant Schonberger confirmed: "You are."

23.     Plaintiff inquired: "Am I being removed from the building or am I being arrested?"

24.     Defendant Schonberger clarified: "No, your just being removed."

25.     Defendant Law Enforcement Officers took physical control of Plaintiff to remove him
        from the Council Chambers.

26.     As Plaintiff was being taken away from the public microphone, he stated: "I object to this
        unlawful silencing of my speech. Ladies and Gentlemen of Brush, Get ready for a mother
        fucking surprise!"

27.     Once in the hallway, the Officers placed Plaintiff under arrest and booked him into the
        Morgan County Jail to post bond on the criminal allegations of Disturbing the Peace,
        Interference with Government Operations, and Disruption of a Lawful Assembly asserting
        Plaintiff had "made a credible threat to the citizens of Brush."

28.     Defendant Councilors Vicky Quinlin, Kimberly Dykes, Heath Becker, and Marlene Baker
        sat by and neglected to make any attempts to stop the unlawful behaviors of Defendants
        Schonberger, Bain, Blank, Krise, Brown, Anderson, and Crone.

11

29. Defendants City Manager Torres and City Attorney Chapin sat by and neglected to make any attempts to stop the unlawful behaviors of Defendants Schonberger, Bain, Blank, Krise, Brown, Anderson, and Crone.

30. Walter Faulkner and Regan Benson each had intended to also speak in support of Ms. Anderson's rights to free speech. Witnessing the forceful removal and arrest of Plaintiff for his political speech, however, frightened Mr. Faulkner and Ms. Benson completely into silence and they did not dare to speak.

31. This action derives cause strictly the forceful removal of Plaintiff from the Council Chambers, preventing him from delivering his message critical of the Council and does not concern the criminal prosecution which was initiated independently by law enforcement, and on grounds arising, after Plaintiff's speech halted.

32. Plaintiff asks leave of this Court to amend the Complaint to include the actions of the unlawful and malicious arrest and criminal prosecution once those charges conclude ultimately in Plaintiff's favor. This is a civil rights action by Plaintiff for damages, deciaratory and injunctive relief, as well as fees and costs arising under 42 U.S.C. §§ 1983, 1988 and 28 U.S.C. § 2201 et seq. Due to Defendants violations of Plaintiff's rights secured by the First Amendment, the Fourth Amendment, and the Fourteenth Amendment to the United States Constitution.

## STATEMENT OF CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### AND SUPPORTING FACTUAL ALLEGATIONS
42 U.S.C. § 1983 – First Amendment – Violation Regarding Free Speech / Expression
(Against All Defendants)

33.   Plaintiff incorporates herein by reference all statements of fact previously set forth in each

of the preceding paragraphs as if each were set fourth herein verbatim.

34.   Plaintiff's communication of a message containing the word "FUCK" constitutes

expressive activity protected by the First Amendment to the United States Constitution

and did not violate any laws.

35.   Plaintiff's communication of the message "You can't silence that woman's speech. I don't

know what the fuck is wrong with you people, but 'Fuck The Police' is absolutely

protected speech." constitutes expressive activity protected by the First Amendment to the

United States Constitution and did not violate any laws.

36.   Plaintiff's communication of the message "If you silence my speech, it would be a terrible

thing for you." constitutes expressive activity protected by the First Amendment to the

United States Constitution and did not violate any laws.

37.   Plaintiff's communication of the message "I don't need to fucking address you with

nothing." constitutes expressive activity protected by the First Amendment to the United

States Constitution and did not violate any laws.

13

38.     Plaintiff's communication of the message "If you don't like the word 'FUCK' then you shouldn't have taken the job." constitutes expressive activity protected by the First Amendment to the United States Constitution and did not violate any laws.

39.     Defendants' silencing of Plaintiff's speech is a content-based or viewpoint-based restriction on speech, or both.

40.     By removing Plaintiff from Council Chambers during an Open Public Council Meeting, Defendants denied him his right secured, guaranteed, and protected by the First Amendment to the United States Constitution.

41.     By removing Plaintiff from the Council Chambers, Defendants acting in concert with one another, prevented Plaintiff from speaking out on a matter of great public concern in a quintessentially open public forum.

42.     By removing Plaintiff from the Council Chambers for his constitutionally-protected expressive activities, Defendants chilled Plaintiff from exercising his First Amendment rights.

43.     Defendants chilled Plaintiff's (as well as Mr. Faulkner, and Ms. Benson, and conceivably any one else's) from exercising their rights to speak out on matters of public concern in public places in Brush, Colorado, in Morgan County, Colorado, in violation of the First Amendment to the United States Constitution.

44.     The actions and/or omissions occurred while each Defendant was acting under color of State Law.

14

45.   The acts and/or omissions of Defendants engaged in pursuant to the customs, practices, and effective policies of Defendants City of Brush, Morgan County Sheriff's Office and Morgan County, Colorado to encourage, condone, tolerate, and/or ratify the restraint of speech and expressive activities by law enforcement officers of individuals expressing viewpoints critical of Brush Colorado and or its officers and/or exercising their rights of free speech and dissent.

46.   Plaintiff was prevented by Defendants from delivering his message in violation of the First Amendment to the United States Constitution.

47.   Defendants acted intentionally, willfully, knowingly, recklessly, maliciously and wantonly by their unlawful silencing of Plaintiff's Speech and Plaintiff's removal.

48.   Defendants acted under color of state law when they chilled Plaintiff from delivering his message herein.

49.   Defendants' conduct violated clearly established rights secured for Plaintiff by the United States Constitution, which any reasonable officials in their positions knew or certainly should have known.

50.   Defendants' actions and/or omissions caused, directly or proximally, Plaintiff to suffer significant injuries, damages and/or losses.

15

## SECOND CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – First Amendment – Retaliation for Free Speech / Expression
### (Against All Defendants)

51. Plaintiff incorporates herein by reference the allegations made in each of the preceding paragraphs as if each were set fourth here verbatim.

52. Plaintiff engaged in activity protected by the First Amendment by saying "You can't silence that woman's speech. I don't know what the fuck is wrong with you people, but 'Fuck The Police' is absolutely protected speech."

53. Plaintiff further engaged in activity protected by the First Amendment by saying "If you silence my speech, it would be a terrible thing for you.".

54. Plaintiff further engaged in activity protected by the First Amendment by saying "I don't need to fucking address you with nothing.".

55. Plaintiff further engaged in activity protected by the First Amendment by saying "If you don't like the word 'FUCK' then you shouldn't have taken the job."

56. Plaintiff further engaged in activity protected by the First Amendment by speaking out about a matter of great public concern – namely, the unlawful silencing of protected political speech.

57. Plaintiff acted lawfully at all times during this remonstration of speech and expression which related to matters of public concern, during his allotted time during the open public comments before the Brush City Council – a quintessentially open public forum.

16

58. Defendants jointly and on their own accords responded to Plaintiff's First Amendment-protected activities with retaliation, including, but not limited to, publicly ridiculing, detaining, investigating, and removing Plaintiff for his constitutionally protected expressive activities critical of the Defendants, without probable cause to believe he had engaged in any behavior giving rise to any violation.

59. Defendants' retaliatory actions were substantially motivated by Plaintiff's exercise of his First Amendment Rights.

60. By unlawfully silencing, admonishing and/or removing Plaintiff, and/or endorsing and/or permitting the same, Defendants sought to punish Plaintiff for exercising his rights secured by the First Amendment of the United States Constitution and the future speech and expression of others; Defendants' retaliatory actions would chill a person on ordinary firmness from engaging in such First Amendment-protected activity.

61. The acts and/or omissions of Defendants The City of Brush, Colorado, Morgan County Sheriff's Office, and Morgan County, Colorado engaged in pursuant to the customs, practices, and effective policies of Defendants to encourage, condone, tolerate, and/or ratify the restraint of speech and expressive activities by law enforcement officers of individuals expressing viewpoints critical of Defendants and or its officers and/or exercising their rights of free speech and dissent.

62. Defendants acted intentionally, willfully, knowingly, recklessly, maliciously and wantonly by removing Plaintiff in retaliation for his speech and/or expression protected by the First Amendment to the United States Constitution.

17

63.     Defendants acted under color of state law removing Plaintiff in retaliation for his free
        speech, secured by Constitution.

64.     Defendants' conduct violated clearly established rights secured for Plaintiff by the United
        States Constitution, which any reasonable officials in their positions knew or certainly
        should have known.

65.     Defendants' actions and/or omissions caused, directly or proximally, Plaintiff to suffer
        significant injuries, damages and/or losses..

## THIRD CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – Fourth Amendment Unreasonable/Unlawful Seizure Violation
### (Against All Defendants)

66.     Plaintiff incorporates herein by reference the allegations made in each of the preceding
        paragraphs as if each were set fourth here verbatim.

67.     The arrest of Plaintiff was motivated simply by Defendants' desires to deny him his rights
        under the First Amendment.

68.     As a result of Defendants' malicious removal of Plaintiff, Plaintiff has been subjected to
        unreasonable and unlawful seizure of his person in violation of the Fourth Amendment.

69.     The acts and/or omissions of Defendants engaged in pursuant to the customs, practices,
        and effective policies of Defendants The City of Brush, Colorado, Morgan County
        Sheriff's Office, and Morgan County, Colorado encourage, condone, tolerate, and/or ratify
        the unreasonable seizures by law enforcement officers of individuals expressing

18

viewpoints critical of Defendants The City of Brush, Colorado, Morgan County Sheriff's Office, and Morgan County, Colorado and or its officials and/or exercising their rights of free speech and dissent.

70. Defendants acted intentionally, willfully, knowingly, recklessly, maliciously and wantonly by accusing Plaintiff of unlawful behavior prior to, and during their unlawful arrest of Plaintiff.

71. Defendants acted under color of state law during this unlawful detention, search, seizure and arrest of Plaintiff.

72. Defendants' actions and/or omissions caused, directly or proximally, Plaintiff to suffer significant injuries, damages and/or losses.

## FOURTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – Substantive Due Process: Failure to Train / Supervise
(Against Defendants The City of Brush, Colorado, Morgan County Sheriff's Office, Morgan County, Colorado, Travis Anderson, Corey Hardy, James E. Crone, Monty Torres, and Robert Chapin)

73. Plaintiff incorporates herein by reference the allegations made in each of the preceding paragraphs as if each were set fourth here verbatim.

74. Other member of the public have reported to Plaintiff there have been multiple others similarly cut short during public comments which Defendants did not wish to hear.

75. Prior to December 18, 2017, Defendants The City of Brush, Colorado, Morgan County Sheriff's Office, Morgan County, Colorado, Travis Anderson, Corey Hardy, James E.

19

Crone, Monty Torres, and Robert Chapin, developed, fostered and maintained customs, practices and effectively policies exhibiting deliberate indifference to the constitutional rights of persons in Morgan County, which caused the violations of Plaintiff's rights.

76.    Supervisors at The City of Brush, Colorado, Morgan County Sheriff's Office, and Morgan County had direct or constructive knowledge of prior incidents where members of the public had their speeches cut short by officials, and that those actions constituted violations of Plaintiffs constitutional rights.  Thus they ratified the Defendant Officers' unconstitutional actions.

77.    Defendants The City of Brush, Colorado, Morgan County Sheriff's Office, Morgan County, Colorado, Travis Anderson, Corey Hardy, James E.  Crone, Monty Torres, and Robert Chapin, through actions and/or omissions amounting to custom, practice and effective policy, demonstrate a deliberate indifference to the rights, securities and protections of persons within The City of Brush, Colorado in Morgan County, Colorado which were guaranteed by the United States Constitution, and thereby caused the violations of the Plaintiff's rights alleged herein.

78.    Defendants The City of Brush, Colorado, Morgan County Sheriff's Office, Morgan County, Colorado, Travis Anderson, Corey Hardy, James E. Crone, Monty Torres, and Robert Chapin, through actions and/or omissions espouse, implement, foster and indeed nourish a dangerous culture of power entitlement repugnant to civilized society and tantamount to the Police State.

20

79.    Defendants The City of Brush, Colorado, Morgan County Sheriff's Office, Morgan
       County, Colorado, Travis Anderson, Corey Hardy, James E. Crone, Monty Torres, and
       Robert Chapin each acted under color of state law when they failed to adequately train
       and/or supervise Defendant Officials herein.

80.    Defendants The City of Brush, Colorado, Morgan County Sheriff's Office, Morgan
       County, Colorado, Travis Anderson, Corey Hardy, James E. Crone, Monty Torres, and
       Robert Chapin and thus are appropriate Defendants under 42 U.S.C. 1983, and liable for
       injuries where failure, neglect, or refusal to adequately train and/or supervise and/or
       discharge employees is caused by custom, practice, procedure and/or policy of the
       municipality.

81.    The long, well established pattern of abuses by deputies including and prior to, throughout
       and following this instant matter, demonstrates that inadequate training and supervision is
       in fact the effective policy of Defendants The City of Brush, Colorado, Morgan County
       Sheriff's Office, Morgan County, Colorado.

82.    Defendants acted under color of state law where they acted pursuant to the effective
       custom, practice and/or policy of failing to provide adequate training and supervision to
       Defendant Officers resulting in the deprivation of Plaintiff's rights herein.

83.    Plaintiff suffered deprivation of his rights to Substantive Due Process under the Fourth,
       Fifth, and Fourteenth Amendments as a consequence of the Defendants' effective custom,
       practice and/or policy of inadequate training and/or supervision and/or discharge.

21

84.     Plaintiff sustained damages to liberty and/or property directly and indirectly as a proximal result of Defendants' customs, practices and effective policies.

85.     Defendants' conduct violated clearly established rights secured for Plaintiff by the United States Constitution, which any reasonable officer in their positions knew or certainly should have known.

## FIFTH CLAIM FOR RELIEF
## AND SUPPORTING FACTUAL ALLEGATIONS
### 42 U.S.C. § 1983 – Substantive Due Process: Conspiracy Against Rights
### (Against All Defendants)

86.     Plaintiff incorporates herein by reference the allegations made in each of the preceding paragraphs as if each were set fourth here verbatim.

87.     Defendants conspired for the purposes of retaliating against Plaintiff for exercising his rights of Freedom of Speech under the First Amendment, depriving Plaintiff of his rights under the Fourth Amendment to be free from unreasonable seizure, and denying Plaintiff his rights under the Fifth and Fourteenth Amendments to the due processes of the law.

88.     Defendants actions and/or omissions were under color of state law when they colluded, conspired, allowed and/or endorsed the unlawful detention, and seizure of Plaintiff.

89.     As a direct and proximate cause of the unlawful actions of the Defendants, Plaintiff suffered, and continues to suffer injuries, damages and/or losses.

90.   Defendants' conduct violated clearly established rights secured for Plaintiff by the United States Constitution, which any reasonable officials in their positions knew or certainly should have known.

## E.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court enter judgment in his favor and against Defendants, and grant:

(a)   Appropriate declaratory and other injunctive and/or equitable relief; and

(b)   Compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, losses of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial; and

(c)   All economic losses on claims allowed by law; and

(d)   Punitive damages on all claims allowed by law and in an amount to be determined at trial; and

(e)   Attorney's fees and the costs associated with this action, including but not limited to those associated with having to defend against the false criminal charges as well as consultation costs, paralegal costs, investigatory costs, deposition costs, witness fees, expert witness fees, on all claims allowed by law; and

(f)   Pre- and post- judgment interest at the lawful rate; and

(g)   Any further relief this Court deems just and proper, and any other relief allowed by law.

## F.   PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____

(Plaintiff's signature)


_____

(Date)


(Form Revised December 2017)


24