# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00480-NYW

ERIC PATRICK BRANDT,

    Plaintiff,

v.

DAVID MARTIN,
JAMES E. CRONE, and
MORGAN COUNTY SHERIFF'S OFFICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Nina Y. Wang

This case is before the court pursuant to 28 U.S.C. § 636(c), upon the Parties' Consent to the Exercise of United States Magistrate Judge Jurisdiction [#21; #42; #68] and the Order of Reference dated September 11, 2018 [#83]. Pending before this court is the Morgan County Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) ("the Motion to Dismiss") filed by Defendants James Crone, Sheriff of Morgan County ("Defendant Crone" or "Sheriff Crone"); Dave Martin, Undersheriff of Morgan County ("Defendant Martin" or "Undersheriff Martin"); and the Morgan County Sheriff's Office's ("MCSO" and collectively with Defendants Crone and Martin, "Morgan County Defendants" or simply "Defendants") [#70, filed August 16, 2018]. On October 1, 2018, Plaintiff filed his Response within the extended timeframe granted by the court. [#87; #89]. The Morgan County Defendants filed their Reply on October 15. [#92]. Having reviewed the briefing, the record, applicable case law, and the arguments of both Plaintiff

and Defendants, the court **GRANTS** the Motion to Dismiss and dismisses the Second Amended Complaint **with prejudice**.

## BACKGROUND

This case concerns the Brush City Council meeting that occurred on December 18, 2017 and the relevant facts are taken from Plaintiff's Second Amended Complaint and the videotape of the incident uploaded by Plaintiff to the video-sharing service YouTube and referenced in the Complaint.[1] [#24 at 8]; Eric Brandt, *FIRST AMENDMENT (F***ING) EPIC FAIL (TOILET) BRUSH, COLORADO CITY COUNCIL*, YouTube (Dec. 20, 2017), https://www.youtube.com/watch?v=_8PG3_0Dshs (hereinafter "Recording").[2]

Plaintiff Eric Brandt ("Plaintiff" or "Mr. Brandt") attended the meeting and during an open comment period began to make a public statement concerning the City Council's alleged silencing of political speech. [#24 at 7–8]. Mr. Brandt identifies himself as not being a citizen of Brush and launches into an admonition of the Council for "giving Colorado a bad name." [Recording at 2:35]. Mr. Brandt's speech quickly turned hostile, as Mr. Brandt admonished the Council, stating "I don't know what the f*** is wrong with you people; but 'F*** THE POLICE' is absolutely

---

[1] Courts may consider documents or media which are referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity. *See Wasatch Equality v. Alta Ski Lifts Co.*, 820 F.3d 381, 386 (10th Cir. 2016); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Plaintiff incorporates the YouTube video into his Amended Complaint by reference. [#24 at ¶ 1].

[2] While this court would ordinarily avoid citing to expletives in its rulings, the nature of the language utilized by Plaintiff is significant for present purposes and evaluating Defendants' conduct. Accordingly, this court quotes examples of such language for analytical purposes, and apologizes to the extent that such language might offend a reader.

protected speech."[3] [*Id.* at 10]. When one of the City Councilors tried to interject, Mr. Brandt raised a hand and stated, "You need to listen to me. Period." [Recording at 2:43]. The Councilor then stated that he would cut Mr. Brandt off if he did not "behave." [*Id.*]. Mr. Brandt replied, "If you cut me off, it would be a terrible thing for you." [*Id.* at 2:50]. When told he needed to address the Council with respect, Mr. Brandt replied, "I don't need to f***ing address you with nothing" and added, "YOU work for me; you work for these people; and if you don't like the word 'F***,' then that's too bad—you shouldn't have taken the job." [*Id.*] (emphasis in original). One of the Councilors stated, "I think we are done." [*Id.* at 3:12]. Local police officers, none of whom are joined as defendants,[4] approached Mr. Brandt to remove him. When departing under escort, Mr. Brandt shouted "I object to this unlawful silencing of my speech. Ladies and Gentlemen of Brush, Get ready for a mother f***ing surprise!" [*Id.*]. Mr. Brandt was placed under arrest. [*Id.*].

Mr. Brandt initiated this civil action on February 26, 2018, by filing *pro se* a Complaint asserting violations of various constitutional rights pursuant to 42 U.S.C. § 1983. [#1]. The court granted Plaintiff's application to proceed *in forma pauperis* under 28 U.S.C. § 1915 and, after undertaking a preliminary review pursuant to that statute and D.C.COLO.LCivR 8.1, ordered him to file an amended pleading. [#4; #8]. Plaintiff filed an Amended Complaint, [#7], and thereafter submitted two sets of documents, [#15; #16], which the court construed as supplements to the

---

[3] Formatting and capitalization of Plaintiff's remarks are taken from Plaintiff's Second Amended Complaint.

[4] In the Second Amended Complaint, Plaintiff argued that Sheriff Crone was involved in his arrest. [#24 at 7] (identifying Sheriff Crone as one of the officers involved in the arrest). Defendants represented that Sheriff Crone was not at this meeting, [#70 at 5 n.2]. The Recording is ambiguous, but in his Response to the Motion to Dismiss [#89], Mr. Brandt now concedes that Sheriff Crone was "not a physical participant in the abuses set forth in the complaint." [#89 at 3].

3

Amended Complaint. *See* [#23]. The operative pleading, filed on May 30, 2018, is hereafter referred to as the Second Amended Complaint. [#24]. The Second Amended Complaint named nineteen individuals, counties, and municipalities as Defendants. *See id.* Many of these defendants were subsequently voluntarily dismissed by Plaintiff [#60; #61; #81; #96]. The only remaining Defendants—the Morgan County Defendants—have filed the instant Motion to Dismiss [#70]. Pursuant to Plaintiff's request [#86], this court extended the deadline to respond to the motions to dismiss until October 22, 2018 [#87]. Plaintiff filed a Response on October 1, 2018 [#89] and the Morgan County Defendants filed their Reply on October 15, 2018. [#94].

The Second Amended Complaint, less the claims against now-dismissed defendants,[5] brings five claims. Plaintiff's First Claim alleges that the Defendants violated Mr. Brandt's First Amendment rights in violation of § 1983 by improperly "silencing his speech and removing him from the meeting based on its content and viewpoint. [#24 at ¶¶ 33–50]. Plaintiff's Second Claim alleges that the Defendants retaliated against him for the exercise of his First Amendment rights, as described above. [*Id.* at ¶¶ 51–65]. Plaintiff's Third Claim alleges that the Defendants violated Mr. Brandt's Fourth Amendment right against unreasonable search and seizure in violation of § 1983. [*Id.* at ¶¶ 66–72]. Plaintiff's Fourth Claim alleges that the Morgan County Sheriff's Office and Sheriff Crone (but not Undersheriff Martin) failed to supervise the officers at issue and maintain a custom, practice, or policy of violating citizens' rights; Mr. Brandt does not actually specify if this refers to First or Fourth Amendment rights, or both. Mr. Brandt further alleges that this violates due process in some unspecified manner. [*Id.* at ¶¶ 73–85]. Finally, Plaintiff's Fifth

---

[5] Defendant Travis Anderson also filed a Motion to Dismiss [#53] that was subsequently mooted by the Joint Motion to Dismiss and the dismissal of all claims against Defendant Anderson with prejudice. [#96, #97].

Claim alleges that the Defendants engaged in a civil conspiracy to deny Mr. Brandt his First, Fourth, Fifth, and Fourteenth Amendment rights. [*Id.* at ¶¶ 86–90].

## LEGAL STANDARD

### I.  Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim, a complaint must contain factual allegations that, when taken as true, establish a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility is distinct from, and more demanding than, mere conceivability. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012).

When reviewing a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded factual allegations and views those allegations in the light most favorable to the plaintiff. *Sec. & Exch. Comm'n v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). Legal conclusions, whether presented as such or masquerading as factual allegations, are not afforded such deference. *Dahn v. Amedei*, 867 F.3d 1178, 1185 (10th Cir. 2017). An unadorned, conclusory recitation of the elements of the cause of action does not meet this standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### II.  Pro Se Litigants

A court must liberally construe a pro se party's pleadings and will not dismiss his claims under Rule 12(b)(6) if the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail . . . despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity

with pleading requirements." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Tatten v. City and Cty. of Denver*, 730 F. App'x 620, 623–24 (10th Cir. 2018) (reviewing the rule in *Hall* and its rationale). But a court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *See Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009) ("[Court's] role is not to act as [pro se litigant's] advocate."). Nor is it proper for the court to assume the mantle of advocate for the pro se litigant. *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

## III. Qualified Immunity

The doctrine of qualified immunity protects government officials from individual liability for actions carried out in the course of performing their duties so long as their conduct does not violate clearly established constitutional or statutory rights. *Washington v. Unified Gov't of Wyandotte Cty.*, 847 F.3d 1192, 1197 (10th Cir. 2017). To facilitate the efficient administration of public services, the doctrine functions to protect government officials performing discretionary actions and acts as a "shield from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Once a defendant has asserted a defense of qualified immunity, the burden shifts to the plaintiff who must establish that (1) the defendant violated a right, and that (2) the right was clearly established at the time of the defendant's action. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015). Courts may exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). "If the plaintiff fails to establish either prong of the two-

pronged qualified-immunity standard, the defendant prevails on the defense." *A.M. v. Holmes*, 830 F.3d 1123, 1134–35 (10th Cir. 2016).

A court will find that a right is clearly established if there is a Supreme Court or Tenth Circuit decision on point or if the weight of authority in other courts provides that the right is clearly established. *Washington*, 847 F.3d at 1197 (quoting *Thomas v. Kaven*, 765 F.3d 1183, 1194 (10th Cir. 2014) (internal quotation marks omitted)); *DeSpain v. Uphoff*, 264 F.3d 965, 979 (10th Cir. 2001). The purpose of the clearly established prong is to establish that an officer had sufficient notice such that he knows, or should know, what conduct will violate a constitutional right. *See Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1265 (10th Cir. 2012). This is a particularized, fact-specific analysis as it presents an inquiry into whether a reasonable officer would have known, under the then-prevailing conditions, that his conduct violated Plaintiff's rights, and thus a court must take care not to define the right in too general of terms. *Leiser v. Moore*, 903 F.3d 1137, 1140 (10th Cir. 2018).

## ANALYSIS

### I. Claims 1–3, 5: Plaintiff has not Pleaded the Personal Participation of Defendants Crone or Martin

Mr. Brandt first alleges that his free speech rights under the First Amendment were violated by the Morgan County Defendants when they interrupted his statements at and removed him from the Brush City Council meeting. [#24 at ¶¶ 33–50]. He then alleges that the Morgan County Defendants violated his First Amendment rights because his arrest was without probable cause, and was in retaliation for his exercise of protected speech. [*Id.* at ¶¶ 51–65]. In his Third Claim for Relief, he alleges that his Fourth Amendment rights protecting against unreasonable search and seizure were violated by his arrest. [*Id.* at ¶¶ 66–72]. Finally, the Fifth Claim for Relief alleges

that Defendants Crone and Martin formulated an unlawful conspiracy to deny Plaintiff's his rights. [*Id.* at ¶¶ 86–90].

Generally, to hold a government official individually liable under § 1983, the plaintiff must establish that the defendant had personal involvement in the alleged constitutional violation. *Brown v. Montoya*, 662 F.3d 1152, 1163 (10th Cir. 2011). Supervisory status alone does not create liability; rather, there must be an affirmative link between the constitutional deprivation and the defendant's personal participation. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (*citing Green v. Branson*, 108 F.3d 1296, 1302 (10th Cir. 1997)). Without an allegation of personal participation, a plaintiff does not state a claim for relief.

The only remaining individual Defendants are Defendants Crone and Martin. But Mr. Brandt does not allege the personal participation of Defendants Crone and Martin in any of the relevant conduct. Nor is there any allegation that Defendants Crone or Martin directed others to silence or remove Mr. Brandt. Rather, the video of the incident, as well as Mr. Brandt's own allegations, demonstrate that the police officers were acting in response to an indirect request made by Mayor Schonberger, [#24 at ¶¶ 18-24; Recording at 3:12], and none of the officers have been identified as either Defendant Crone or Martin.[6] In fact, by his own admission or omission, neither Defendant Crone nor Martin participated in his arrest. [#24 at 7] (not naming Undersheriff Martin as one of the involved officers); [#89 at ¶ 16] (conceding that Sheriff Crone was not involved in

---

[6] Despite the fact that the video shows only three officers arresting Mr. Brandt, Recording at 3:12, Mr. Brandt names six. [#24 at 7].

his arrest). Indeed, there are no allegations directed at Defendant Martin at all in the Second Amended Complaint.[7]

Without personal involvement by either Defendant Crone or Martin, the claims against those Defendants in their individual capacities for violations of Plaintiff's constitutional rights cannot survive the Motion to Dismiss.[8]

## II.  Claim 4:  Failure to Supervise/Train

In his Fourth Claim for Relief, Plaintiff avers that his substantive due process right under the Fourteenth Amendment were violated by the MCSO and Defendant Crone, presumably in his individual capacity.[9]  [#24 at ¶ 75].  He does not name Defendant Martin as a defendant to his Fourth Claim for Relief.  [*Id.*].  "To establish municipal liability under § 1983, Plaintiff must prove a constitutional violation by the individual officers. In other words, 'absent a constitutional violation by the individual police officers whose conduct directly caused plaintiffs' injuries, there can be no municipal liability.'" *Estate of Ronquillo by & through Estate of Sanchez v. City & Cty. of Denver*, 720 F. App'x 434, 441 (10th Cir. 2017) (citing *Trigalet v. City of Tulsa*, 239 F.3d 1150,

---

[7] In his Response, Mr. Brandt alleges for the first time during the course of this litigation that Defendant Martin was "a physical participant in the abuses set forth in the complaint." [#89 at ¶ 15].  Mr. Brandt may not amend his Second Amended Complaint at this juncture without leave of court, and may not amend through assertions in his Response. *See In re Qwest Communications Int'l., Inc.*, 396 F. Supp. 2d 1178, 1203 (D. Colo. 2004).

[8] Although Defendants also argue that dismissal is appropriate based on qualified immunity grounds because Mr. Brandt's arrest was supported by probable cause, this court finds it need not engage in the qualified immunity analysis because Plaintiff fails to plead the requisite personal participation.

[9] As noted by Defendants, a claim against Defendant Crone in his official capacity is equivalent to an action against the government entity that employs the individual.

9

1156 (10th Cir. 2001)). Having found no cognizable constitutional violation against Defendants Crone or Martin as individuals, the MCSO cannot be held liable as a municipality.

In addition, both supervisory liability and municipal liability requires an underlying showing of a *de facto* or *de jure* policy which caused the underlying constitutional violation. *Brown*, 662 F.3d at 1163 (citing *Monell*, 436 U.S. at 691). And to prevail on a failure to train and supervise claim under § 1983, a plaintiff must demonstrate an "affirmative link" between the supervisor-defendant and the constitutional violation—the supervisor's "mere knowledge" of his employee's conduct is insufficient. *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013). Accordingly, a plaintiff must establish: (1) the defendant's personal involvement; (2) a causal connection; and (3) a culpable state of mind. *See Dodds v. Richardson*, 614 F.3d 1185, 1195 (10th Cir. 2010). "Section 1983 does not authorize liability under a theory of *respondeat superior*." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011). But as discussed above, Plaintiff admits that Defendants Martin and Crone did not personally participate in his removal or arrest, either directly through physical contact or indirectly through ordering it.

Similarly, Plaintiff fails to allege sufficient facts to establish a custom, policy, or practice by the MCSO. Bare allegations standing alone cannot support a plausible inference for either prong of the standard for municipal liability, i.e., a specific municipal policy or custom that resulted in constitutional deprivations, or the existence of a direct causal link between the policy or custom and the injury alleged. *See Rodriguez v. Chavez*, 2014 WL 4627274, * 4 (D.Colo. Sept. 16, 2014) (J. Brimmer) (citing *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir.2010)). Accordingly, dismissal of Mr. Brandt's Fourth Claim for Relief is appropriate.

### III. Claim 5: Civil Conspiracy

Plaintiff asserts a civil conspiracy claim for his Fifth Claim for Relief. [#24 at ¶¶ 86-90]. Plaintiff's § 1983 conspiracy claim fails for two reasons. First, a claim for a § 1983 conspiracy must involve plausible allegations that the conspiracy denied Plaintiff his rights. *Dixon v. City of Lawton*, 898 F.2d 1443, 1449 (10th Cir. 1990). As discussed above, Mr. Brandt has not plausibly alleged any harm to his constitutionally protected rights by these Defendants. Similarly, Plaintiff's claim fails because Plaintiff has not adequately alleged a conspiracy between the parties. Plaintiff's claim is threadbare at best, and makes no factual allegations supporting a conspiracy between any of the defendants. Reviewing the video shows that the officers acted silently and without collusion with each other or explicit direction from the City Council. Merely working in tandem to arrest the same individual upon viewing the same conduct does not plausibly establish a conspiracy on behalf of the individual Defendants, the MCSO, and the dismissed Defendants. *See Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994). Further, as noted above, Plaintiff does not adequately allege the personal participation of either Sherriff Crone or Undersheriff Martin and therefore this claim necessarily fails as well.

### IV. Dismissal with Prejudice

Though Defendants did not seek dismissal with prejudice, a court may *sua sponte* dismiss an action with prejudice when it appears that it would be futile for Plaintiff to seek amendment. As discussed above, Mr. Brandt's Second Amended Complaint as pled lacks sufficient factual matter, taken as true, to suggest that he is entitled to relief. The Second Amended Complaint contains no allegations specific to either Defendant Crone or Martin. [#24]. Plaintiff concedes Defendant Crone did not participate in the arrest, and has never, over the several amended

complaints and nearly eleven months of this case, asserted that Defendant Martin participated in the events at the City Council meeting except in his Response. But his Response contains no additional, non-conclusory factual allegations that suggests Mr. Brandt could amend effectively amend his claims for constitutional violations against Defendants Crone or Martin. There are no factual allegations that support Mr. Brandt's assertion that the arresting officers lacked probable cause to arrest him on any one of the three criminal violations with which he was ultimately charged. [#24]. The charges have not been dismissed and he has not been acquitted of such charges. [#70 at 10 n.4]. Nor does Mr. Brandt provide any non-conclusory factual allegations that the MCSO had any policy, practice or custom to silence protected speech or arrest individuals in response to protected speech. Nothing in the Second Amended Complaint and the Recording suggests that the December 18 incident involving Mr. Brandt was anything more than an isolated reaction to escalating emotions on both sides. *Perreten v. Waite*, No. 15-CV-2604-GPG, 2016 WL 660134, at *2 (D. Colo. Feb. 18, 2016) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978) (recognizing that plaintiff cannot state a claim for relief merely by pointing to isolated incidents)).

Though Mr. Brandt could arguably attempt to amend his operative pleading, given the Recording and what it depicts, such amendment would be unfruitful. Mr. Brandt does not point to any discovery that he requires to state cognizable claims and "Rule 12(b)(6) does not allow a plaintiff to file a complaint devoid of supporting facts as a vehicle to commence discovery on the off chance come facts might exist which could support a plausible claim." *Roth v. Wilder*, 420 F. App'x 804, 805 (10th Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562–63, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Artful pleading will not change the individuals involved in

his removal and arrest as reflected in the Recording. Nor will it change the Tenth Circuit or United States Supreme Court case law that leaves unsettled whether an individual can state a cognizable First Amendment claim for retaliatory arrest in the face of a good faith determination of probable cause in these circumstances, *see Lozman v. City of Riviera Beach, Fla.*, 138 S.Ct 1945, 1954 (2018); *Reichle v. Howards*, 566 U.S. 658, 2093-95 (2012), or that the Fourth Amendment permits warrantless arrests when it appears that the arresting officers possessed knowledge of evidence that provides arguable probable cause to arrest Mr. Brandt on some ground. *A.M. v. Holmes*, 830 F.3d 1123, 1139 (10th Cir. 2016) (observing that an officer may be mistaken about whether he possesses *actual* probable cause to affect an arrest, so long as the officer's mistake is reasonable— *viz.*, so long as he possesses "arguable probable cause."). Accordingly, dismissal of with prejudice is warranted. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## CONCLUSION

For the reasons stated above in this Memorandum Opinion and Order, **IT IS ORDERED** that:

(1) The Defendants' Motion to Dismiss [#70] is **GRANTED**;

(2) The Second Amended Complaint [#24] is **DISMISSED WITH PREJUDICE**;

(3) Defendants are **AWARDED** costs as the prevailing party pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure;

(4) The Clerk of the Court is **DIRECTED** to enter final judgment in favor of Defendants and to terminate this matter accordingly;

(5) The Protective Order entered by this court on October 16, 2018 [#95] is **TERMINATED** effective immediately.

DATED: January 16, 2019

BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge